GERRISH TOWNSHIP v ESBER

Docket No. 146295. Submitted April 1, 1993, at Grand Rapids. Decided September 20, 1993, at 9:20 A.M.

Gerrish Township brought an action in the Roscommon Circuit Court against Rafic and Linda Esber, seeking removal of two signs located on property that belongs to the state that advertise the defendants' store. The signs have been in place since approximately 1946 and 1980. A zoning ordinance was passed in 1960 that prohibited such signs. The court, Carl L. Horn, J., ruled that the signs do not constitute a nonconforming use and must be removed. The defendants appealed, arguing that the signs constitute a nonconforming use that cannot be removed without just compensation being paid.

The Court of Appeals *held:*

1. Because the signs are on land that belongs to the state, the defendants have no property right that may be protected. The defendants did not acquire title to the property by adverse possession.

2. The presence of the signs on state land violates 1979 AC, R 299.331(1)(f).

Affirmed.

1. ZONING — NONCONFORMING USES — NONOWNED PROPERTY.

Permitting the continuation of a nonconforming use is designed to avoid the imposition of hardship upon the owner of property; a person who seeks to continue a nonconforming use on property belonging to another has no property right to be protected.

2. ADVERSE POSSESSION — LAND OWNED BY STATE.

Title to real property belonging to the state may not be acquired through adverse possession.

REFERENCES

Am Jur 2d, Adverse Possession § 205; Zoning and Planning §§ 624, 630, 660.

Acquisition by adverse possession or use of public property held by municipal corporation or other governmental unit otherwise than for streets, alleys, parks, or common. 55 ALR2d 554.

Classification and maintenance of advertising structure as nonconforming use. 80 ALR3d 630.

*Hess & Hess, P.C.* (by *Robert A. Hess*), for the plaintiff.

*Ronald C. Meiring*, for the defendants.

Before: MICHAEL J. KELLY, P.J., and WEAVER and D. E. SHELTON,* JJ.

WEAVER, J. Plaintiff, Gerrish Township, brought suit seeking the removal of two signs advertising a grocery store owned by defendants Rafic Esber and Linda Esber. The signs are each located approximately one mile from the store on property that the parties concede belongs to the State of Michigan. The signs have been in place since approximately 1946 and 1980. A zoning ordinance was passed in 1960 that prohibited such signs. Following a bench trial, the court ruled that the signs did not constitute a nonconforming use and would have to be removed. Defendants appeal. We affirm.

Defendants argue that the signs constitute a nonconforming use that cannot be removed without just compensation being paid, citing MCL 125.583a; MSA 5.2933(1), *Wolverine Sign Works v Bloomfield Hills*, 279 Mich 205; 271 NW 823 (1937). What defendants overlook in their argument, however, is the fact that the signs are not on their property. Rather, they are on land that defendants believe belongs to the State of Michigan.[1]

Permitting the continuation of a nonconforming use is designed to avoid the imposition of hardship upon the owner of property. *South Central Improvement Ass'n v St Clair Shores*, 348 Mich 153; 82 NW2d 453 (1957). Here, defendants have no

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The record does not establish which state department or agency controls the property. Although some state land may be exempt from local use regulation pursuant to *Dearden v Detroit*, 403 Mich 257; 269 NW2d 139 (1978), defendants waived any such possible issue by failing to raise it at trial.

property right to be protected,[2] nor have they asserted one.

We also note that the presence of the signs on state land violates 1979 AC, R 299.331(1)(f).[3]

We affirm.

---

[2] Title may not be acquired by adverse possession against the state. *Young v Thendara, Inc,* 328 Mich 42; 43 NW2d 58 (1950).

[3] 1979 AC, R 299.331(1)(f) provides:

Rule 1. (1) On state lands other than state parks and recreation areas, it is unlawful for any person:

* * *

(f) To post, place, or erect signs; to place or distribute advertising material; to erect a fence or barrier; to construct or occupy improvements or to enclose the lands without proper written permission.